UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PERCY, MATTHEW PERCY,
A.D. HOLDING CORPORATION,
A.D. TRANSPORT EXPRESS, INC.,
A.D. TRANSPORTATION EQUIPMENT, INC.
ADLP GAS, INC., A.D. REAL ESTATE
HOLDING CORPORATION, 5601, INC.,
and 44650, INC.,

                Plaintiffs,

v.

CHARTER TOWNSHIP OF CANTON,
PATRICK WILLIAMS, TIM FAAS,
JEFFREY GOULET, LEIGH THURSTON,    Civil Case No. 19-11727
ROBERT CREAMER, MARK HOOK,          Honorable Linda V. Parker
and NICOLE HAMILTON,

              Defendants.

and

CHARTER TOWNSHIP OF CANTON,

              Counter-Plaintiff,

v.

5601, INC.,

              Counter-Defendant
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' FIRST MOTION FOR ADJOURNMENT OF BENCH TRIAL

This action is ready for trial. Pursuant to the current scheduling order, the final pretrial conference is scheduled for September 27, and a bench trial is scheduled to begin on October 11. On September 14, Defendants filed a motion to adjourn these dates for several reasons including the caseload and personal responsibilities of defense counsel, personal obligations of Defendant Patrick Williams, and the difficulty in locating some of the defendants, who are now retired Canton Township officials.

Plaintiffs oppose the motion on several grounds. First, Plaintiffs point out that Canton failed to seek concurrence before filing the motion in violation of Eastern District of Michigan Local Rule 7.1(a). Plaintiffs next maintain that they will suffer "sever[] prejudice[]" by further delay as Canton Township seeks daily penalties of $500 per building in its counterclaims. Plaintiffs also argue that further "delay will make this case harder to adjudicate . . . as memories fade, people move, and people get older." Plaintiffs also question whether the motion is filed in good faith.

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Defendants show good cause for an extension of the FPT

conference and trial dates, and the two-month delay sought will not prejudice Plaintiffs. While the Court does not excuse Defendants' failure to strictly adhere to the concurrence requirements in Local Rule 7.1(a)—and advises Defendants that future motions filed in violation of the rule will be stricken—defense counsel has represented that the issue of extending the dates was raised during a telephone conference with Magistrate Judge David Grand at which time Plaintiffs' counsel clearly communicated that Plaintiffs would not agree to any adjournments.

Accordingly,

**IT IS ORDERED** that Defendants' motion to adjourn (ECF No. 115) is **GRANTED.** The final pretrial conference will be held at **1:00 p.m.** on **November 17, 2022**, and the trial date is adjourned to **December 5, 2022** at **9:00 a.m.**

**IT IS SO ORDERED.**

                                                    s/ Linda V. Parker
                                                    LINDA V. PARKER
                                                    U.S. DISTRICT JUDGE

Dated: September 22, 2022