UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PERCY, MATTHEW PERCY,
A.D. HOLDING CORPORATION,
A.D. TRANSPORT EXPRESS, INC.,
A.D. TRANSPORTATION EQUIPMENT, INC.
ADLP GAS, INC., A.D. REAL ESTATE
HOLDING CORPORATION, 5601, INC.,
and 44650, INC.,

                Plaintiffs,

v.

CHARTER TOWNSHIP OF CANTON,
PATRICK WILLIAMS, TIM FAAS,
JEFFREY GOULET, LEIGH THURSTON,    Civil Case No. 19-11727
ROBERT CREAMER, MARK HOOK,          Honorable Linda V. Parker
and NICOLE HAMILTON,

                Defendants.

and

CHARTER TOWNSHIP OF CANTON,

                Counter-Plaintiff,

v.

5601, INC.,

                Counter-Defendant
_____/

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLARIFICATION/PARTIAL RECONSIDERATION OF OPINION AND ORDER

This matter is presently before the Court on a motion for clarification and/or reconsideration filed by Defendants (ECF No. 103) with respect to the March 11, 2022 decision denying the parties' cross-motions for summary judgment (ECF No. 101). Plaintiffs filed a response to the pending motion. (ECF No. 105.) The Court is granting Defendants' motion to the extent they request clarification of the prior decision. However, the Court is denying the motion to the extent Defendants seek reconsideration of the Court's holdings.

## Standard of Review

On December 1, 2021, the Eastern District of Michigan amended Local Rule 7.1(h), which lays out the procedures and standards for motions for reconsideration. The standard for a motion to reconsider a final order is now different than the standard for a motion to reconsider a non-final order. *Id*. Reconsideration of final orders must be sought under Federal Rules of Civil Procedure 59(e) or 60(b). *Id.* Because the Court's March 11 decision did not dismiss Plaintiffs' claims and the Court did not issue a judgment or otherwise close the case, it was not final.

Now, "[m]otions for reconsideration of non-final orders are disfavored" and may only be granted on three grounds: (1) a mistake of the court "based on the

record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Id.* Defendants' motion raises only the first ground.

## Analysis

Defendants first maintain that the Court erred in failing to grant summary judgment in their favor on the claims brought by all of the named plaintiffs, except Gary and Matthew Percy and 5601, Inc. In their summary judgment motion, Defendants argued that Plaintiffs, except the Percys and 5601, Inc., lack standing. However, the Sixth Circuit has advised that as long as the court has before it "at least one individual plaintiff who has demonstrated standing to assert [the claims] as his own, [the court] need not consider whether the other individual[s] ha[ve] standing to maintain the suit." *Mays v. LaRose*, 951 F.3d 775, 783 (6th Cir. 2020) (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n.9 (1977)) (original brackets and ellipsis omitted). The claims survive regardless of whether some of the named plaintiffs lack standing and dismissing those plaintiffs does not change the outcome of the Court's previous decision denying summary judgment as to those claims.

3

Moreover, as the Court found, "[a]ll of the plaintiff businesses operate out of the buildings that are the target of the Township's alleged retaliatory activity." (ECF No. 101 at Pg ID 4539.)  This fact is undisputed.  While the Court did not expressly say so, this fact suggests that Defendants' complained-of conduct has caused or threatens to cause all of the named plaintiffs "a concrete and particularized injury that is actual or imminent[.]" *Ne. Ohio Coalition for the Homeless v. Husted*, 837 F.3d 612, 624 (6th Cir. 2016) (citing *H.D.V.-Greektown, LLC v. City of Detroit*, 568 F.3d 609, 616 (6th Cir. 2009)) (setting forth the requirements to establish standing).

Defendants next argue that the Court erred in not dismissing Plaintiffs' claims for nominal damages against the individual defendants sued only in their official capacities.  The Court recognizes that nominal damages are not *recoverable from* individual defendants sued in only their official capacities.[1]  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  The Court did not hold otherwise.

However, a suit against an individual in that individual's official capacity is tantamount to a suit against the municipality itself.  *Taylor v. Franklin Cnty., Ky.*,

---

[1] This is distinct from saying that such damages cannot be awarded against an individual defendant sued in his or her official capacity.  In fact, they can be.  However " a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166; *see also Brandon v. Holt*, 469 U.S. 464, 472 (1985)

104 F. App'x 531, 541-42 (6th Cir. 2004) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)); accord *Graham*, 473 U.S. at 166 (confirming that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Defendants do not suggest that nominal damages may not be recovered against a municipality and they do not argue that the Court erred in finding sufficient evidence for Plaintiffs to show a constitutional deprivation that was due to a municipal custom or policy.

Therefore, the Court did not err in failing to grant summary judgment on the Plaintiffs' claims for nominal damages against the individual defendants sued in their official capacities.[2] To clarify, however, the Court recognizes that any award of nominal damages must be paid by the Township, not the individual defendants.

Lastly, Defendants argue that there was no evidence to support the Court's finding that Township Fire Inspector Nichole Hamilton "ultimately reports to [Township Building Official Robert] Creamer[,]" or that she was privy to emails or other conversations in which the tree ordinance was discussed before she began

---

[2] In a number of other cases before the undersigned, where the plaintiffs named as defendants both a municipality and municipal employees sued in their official capacities, the defendants argued that the claims were redundant and that the claims against the individual defendants should be dismissed. Defendants did not make that argument here. It does not appear that the Sixth Circuit requires district courts to dismiss official capacity claims on motion or sua sponte where the governmental entity also is a party to the lawsuit.

5

inspecting the plaintiff properties for compliance with the Township's fire code. While Creamer may not technically have been Hamilton's supervisor or in her chain of command, there is evidence reflecting that Hamilton consulted with Creamer with respect to her inspections of the properties at issue. In fact, the Township expressly pleads this fact in its Counter-Complaint. (ECF No. 17 at Pg ID 612, ¶ 23.) More importantly, the Court's March 11 decision identified other evidence from which a reasonable jury could find that Hamilton was in fact aware of the tree dispute before engaging in the enforcement actions against the relevant properties. This included evidence suggesting that she was privy to emails and conversations concerning the tree dispute. Thus, even if the Court was mistaken in its characterization of the Township's chain of command, correcting that mistake would not change the outcome of the decision.

Accordingly,

**IT IS ORDERED** that Defendants' motion for clarification and/or reconsideration is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 4, 2022