UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PERCY, MATTHEW PERCY,
A.D. HOLDING CORPORATION,
A.D. TRANSPORT EXPRESS, INC.,
A.D. TRANSPORTATION EQUIPMENT, INC.
ADLP GAS, INC., A.D. REAL ESTATE
HOLDING CORPORATION, 5601, INC.,
and 44650, INC.,

                Plaintiffs,

v.

CHARTER TOWNSHIP OF CANTON,
PATRICK WILLIAMS, TIM FAAS,
JEFFREY GOULET, LEIGH THURSTON,
ROBERT CREAMER, MARK HOOK,      Civil Case No. 19-11727
and NICOLE HAMILTON,           Honorable Linda V. Parker

                Defendants.

and

CHARTER TOWNSHIP OF CANTON,

                Counter-Plaintiff,

v.

5601, INC.,

                Counter-Defendant.
_____/

## <u>OPINION AND ORDER DENYING MOTION TO BIFURCATE</u>

Plaintiffs initiated this action under 42 U.S.C. § 1983, claiming that

Defendants engaged in First Amendment retaliation (Count I) and vindictive

enforcement in violation of the Fourteenth Amendment's Equal Protection Clause

(Count II) in response to objections by Matthew and Gary Percy to the Charter

Township of Canton's enforcement of its "tree ordinance." (ECF No. 1.) The

Charter Township of Canton (hereafter "Township") filed a Counter-Complaint

against 5601, Inc., a real estate business owned by Matthew and Gary Percy, which

owns two parcels of property in the Township. (ECF No. 17.) The Township's

sixteen-count Counter-Complaint asserts violations of zoning, building, and fire

prevention and protection ordinances or codes based on the lack of certificates of

occupancy and the failure to post certificates of occupancy for buildings on the

properties. (*Id.*) The matter is scheduled for a bench trial beginning January 17,

2023. Plaintiffs, however, seek to bifurcate the trial of their claims from the trial

of the Township's counterclaims. (ECF No. 118.) Plaintiffs' motion has been

fully briefed. (ECF Nos. 123, 124.)

Federal Rule of Civil Procedure 42(b) governs motions to bifurcate. That

rule provides, in relevant part: "For convenience, to avoid prejudice, or to expedite

and economize, the court may order a separate trial of one or more separate issues,

claims, crossclaims, counterclaims, or third-party claims." The decision whether

to bifurcate falls within the district court's discretion.  *Saxion v. Titan-C Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citing *Davis v. Freels*, 583 F.2d 337, 343 (7th Cir. 1978)).  "Only one of the[] criteria [listed in Rule 42(b)] need be met to justify bifurcation." *Id.* (citing *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1177 (7th Cir.), *cert. denied*, 464 U.S. 891 (1983)).

The Court has carefully reviewed the parties' briefs and concludes that bifurcation is not warranted here.  There is no risk of prejudice or confusion as this case is being tried before the Court, not a jury.  The Court disagrees with Plaintiff that bifurcation will expedite the proceedings, finding instead that it would be more efficient for the witnesses—most if not all of whom will be providing testimony as to Plaintiffs' claims *and* the Township's counterclaims—to testify in one proceeding.  The witnesses' testimony as to the different claims overlap more than Plaintiffs suggest.  For example, when defending against Plaintiffs' claims that their actions were retaliatory, the Township officials presumably will testify as to why they investigated the asserted code violations and what they found.  In other words, Plaintiffs' claims and the Township's counterclaims are "inextricably intertwined."

The Court has not yet resolved what effect a finding in Plaintiffs' favor on their claims would have on the Township's counterclaims.  As even the cases Plaintiffs cite indicate, where laws are enforced as a means of violating a party's

constitutional rights, there may be appropriate remedies other than dismissal.  *See, e.g., Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1056 (6th Cir. 1996) (indicating that in the case of selective enforcement, "the court should dismiss a case, *or take other appropriate action . . .*") (emphasis added).  If the Court finds that the Township engaged in retaliation but also finds that the subject buildings violate Township ordinances designed to keep occupants safe, it possibly could decide in favor of the Township on its counterclaims and find it necessary to require 5601, Inc. to remedy the safety violations while crafting a remedy that punishes the Township for its unconstitutional conduct.

Finally, the Court does not find the state-law issues raised by the Township's counterclaims to be complicated factually or legally.  Moreover, the Court believes that at least some of the state-law issues will need to be addressed when considering only Plaintiffs' claims, if even merely to evaluate the defenses to those claims.

For these reasons, the Court is denying Plaintiffs' motion to bifurcate.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 5, 2023